UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ALLISON ROYCE & ASSOCIATES,
INC.,

    *Plaintiff*,

v().                                                                             Case No. 5:24-CV-0836-JKP-ESC

CHARTER COMMUNICATIONS
OPERATING, LLC,

    *Defendant*.

**ORDER DENYING
MOTION TO DISMISS**

    Before the Court is a Motion to Dismiss (ECF No. 18) filed by Defendant. Pursuant to Fed. R. Civ. P. 41(b), Defendant seeks dismissal with prejudice of this action for the failure of Plaintiff to prosecute the case. It sets out a series of failures of Plaintiff in prosecuting this action since this Court granted Defendant's motion to compel arbitration. Plaintiff did not respond to the motion to compel arbitration or to the instant motion to dismiss. Interim email exchanges show that Plaintiff intends to proceed with arbitration but has taken no steps to commence the process.

    Defendant moves to dismiss this case for Plaintiff's failure to prosecute it. More specifically, it argues that the Court should dismiss this case "with prejudice due to Plaintiff's unreasonable delay and failure to initiate arbitration as ordered." Mot. at 1. It contends that Plaintiff has failed to comply with the order compelling arbitration. But notably, the order compelling arbitration merely compelled "the parties to arbitrate Plaintiff's claims." *See* ECF No. 10 at 2. The prior order did not order any particular party to initiate the arbitration process or direct any procedures as to arbitration. The Court has reviewed the motion leading to the compelled arbitration and finds nothing within the motion dictating that Plaintiff must initiate the arbitration process. The Court

will not scour the parties' agreement or potentially applicable law to determine whether the Plaintiff is indeed responsible for initiating the process. The movant has the responsibility for providing necessary information regarding a filed motion.

Courts may utilize Rule 41(b) to dismiss a case for lack of prosecution or a failure to comply with a court order. The Court will not presume, on the information before it, that Plaintiff bore the responsibility for initiating the arbitration process. That is matter which conceivably varies depending on the parties' agreement or applicable law. Without more information regarding required arbitration procedures, the Court cannot find that Plaintiff has failed to comply with the court order. At this point, the circumstances of this case do not warrant dismissal under Rule 41(b) for failure to comply with a court order.

Still, from the email exchanges, it appears that the parties expected Plaintiff to initiate the arbitration process, and it has failed to do so in over a year. Thus, Defendant has a reasonable basis for arguing that Plaintiff has failed to prosecute this case. But seeking dismissal with prejudice is a severe sanction that courts do not lightly impose.

While the Court understands Defendant's frustrations with Plaintiff's inaction, the issue of sanctions is generally a matter within the broad discretion of the Court. *Calsep A/S v. Dabral*, 84 F.4th 304, 310 (5th Cir. 2023). Courts, moreover, abuse their discretion when they fail "to employ the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (addressing inherent power to sanction); *accord Gonzalez v. Trinity Marine Grp., Inc.*, 117 F.3d 894, 898 (5th Cir. 1997) (requiring "least severe sanction available" for sanctions imposed through the courts' inherent powers or under the discovery rules).

While courts have "broad discretion in fashioning" sanctions, Fifth Circuit "caselaw imposes a heighted standard for litigation-ending sanctions." *Law Funder, LLC v. Munoz*, 924 F.3d

753, 758 (5th Cir. 2019); *accord Calsep A/S*, 84 F.4th at 310-11. Under this heightened standard, courts

> must make four additional findings to impose a litigation-ending sanction: (1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation "substantially prejudice[d] the opposing party"; and (4) a lesser sanction would not "substantially achieve the desired deterrent effect."

*Law Funder*, 924 F.3d at 758 (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380-81 (5th Cir. 1994)). With respect to "litigation-ending sanctions, 'dismissal with prejudice [ ] is appropriate only if the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct.'" *Calsep A/S*, 84 F.4th at 313 n.8. (quoting *Conner*, 20 F.3d at 1380). Courts act within their discretion in choosing and imposing a litigation-ending sanction "when a [party] demonstrates flagrant bad faith and callous disregard of its responsibilities." *Id*. (citations omitted).

Defendant argues that there is a clear record of delay, lesser sanctions would not prompt diligent prosecution, and that Plaintiff's inaction has prejudiced it. Mot. at 4. But, as discussed earlier, there are some questions as to whether Plaintiff had the sole obligation to initiate the arbitration process or whether Defendant could commence it. Assuming, without deciding, that Plaintiff had sole responsibility for initiating the process, there is a clear record of delay attributable to Plaintiff or its attorney. Defendant, however, does not address whether counsel or Plaintiff itself is responsible for the delays. From the email exchanges, it seems that fault may lie more with counsel than the client. Further, Defendant does not adequately address whether the failures result from willfulness or bad faith. Additionally, although Defendant argues that lesser sanctions, such as an order to compel arbitration, would be ineffective given the inaction to date, there are other lesser sanctions that might prompt action by Plaintiff. In short, Defendant provides an insufficient

basis to impose a case-ending sanction of dismissal with prejudice. Because Defendant does not seek lesser sanctions, the Court will not consider imposing a lesser sanction at this time.

Accordingly, the Court **DENIES** the Motion to Dismiss (ECF No. 18) without prejudice to Defendant reasserting a motion for sanctions that addresses the above noted concerns. Alternatively, Defendant may first move for an order directing Plaintiff to initiate arbitration within a set time-period upon Defendant showing that Plaintiff is responsible for initiating the arbitration process. The latter alternative appears particularly appropriate given the lack of precise court direction based on Defendant's prior motion to compel arbitration.

Although the Court has denied the motion to dismiss, it **WARNS** Plaintiff that sanctions, up to and including dismissal or monetary sanctions payable to the Defendant or the Court, may be imposed should Defendant make a proper showing on a subsequent motion. The Court also **WARNS** counsel for Plaintiff that sanctions against him could include monetary sanctions payable to Defendant or to the Court in addition to referring him to the disciplinary board for inaction or delays attributed to him.

**IT IS SO ORDERED this 18th day of November 2025.**

_____
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**